### R. H. SMYTH vs. ANN HEGARTY.

The Marshal cannot excuse himself for not executing process of arrest against a defendant, on the ground that the bond of indemnity filed by the plaintiff is not stamped. Where the process is issued in a matter of which the court has jurisdiction, he must execute it.

Counsel having filed a plea on behalf of defendant, was called on to show his authority, and having failed to do so satisfactorily, the plea was struck from the file.

The court having decided to amerce the Marshal, assessed the damages without the aid of a jury.

This was an action brought by plaintiff to recover the sum of $128, for medical services. Defendant being about to quit the kingdom, the plaintiff sued out a warrant of arrest against her under the statute of 1852. The warrant to arrest was annexed to the usual process of summons to appear and answer. On the first day of the term the Marshal made a return as follows : "That the warrant of arrest was not served, as the bond accompanying the same was not stamped as required by law." On motion of plaintiff's counsel, this return was set aside, on the ground that it was a return to a part of the process only, and the Marshal had leave to amend his return.

On the following day, a fresh return was made by the Marshal, stating that the summons to appear had been duly served, but that the warrant to arrest had not been executed, on the ground that the bond was not stamped. On the same day Mr. Bates filed a plea of the general issue on behalf of the defendant.

Counsel for the plaintiff moved the court "That the Marshal be amerced in the penalty of his official bond to the extent of the damages sustained by the plaintiff in consequence of the non-execution of the order for arrest issued against the defendant."

After argument, this motion was granted by the court, which held that whether the bond was stamped or not, the Marshal ought to have executed the writ, if it appeared to have been issued in a matter of which the court had jurisdiction; that there was no necessity of attaching the bond to the process; it was not a bond of indemnity to the

Marshal, but to the party defendant, and the statute required only that it be filed with the court.

The court also decided to assess the amount of damages without the intervention of a jury, as the claim was a small one.

Plaintiff's counsel then moved that defendant's plea be stricken from the file, unless Mr. Bates could show proper authority to appear for defendant. Mr. Bates having beeh called upon by the court to show his authority accordingly, failed to do so to the satisfaction of the court, and the plea was therefore struck from the file, and plaintiff's counsel moved for a judgment by default, which was granted.

The court then proceeded to assess the damages against the Marshal, which were adjudged at $111 and costs.

Mr. Ducorron for the plaintiff.

Mr. Bates for the defendant.